UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESS RICHARD SMITH,<br><br>               Petitioner,<br>   v.<br><br>STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS,<br><br>               Respondent. | CASE NO. 2:24-CV-2091-LK-DWC<br><br>ORDER TO SHOW CAUSE |

      Petitioner Jess Richard Smith has filed a proposed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis* ("IFP"). Dkts. 4, 4-1. Petitioner's IFP application contains a certificate stating he has $ 316.77 in his account at Coyote Ridge Correction Center. Dkt. 4 at 3. Because it appears Petitioner may have funds sufficient to pay the $5.00 filing fee, Petitioner is directed to pay the filing fee or provide the Court with an explanation as to why he cannot.

      Further, under Rule 4 of the Rules Governing § 2254 cases ("Section 2254 Rules"), the Court is required to perform a preliminary review of a habeas petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*. Under Rule 2 of the Section 2254 Rules, the petition must:

ORDER TO SHOW CAUSE - 1

(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

Petitioner states he is challenging a 2006 King County conviction. Dkt. 4-1 at 1. Petitioner has already challenged this conviction in this Court and any additional challenge will likely be successive. *See Smith v. Obenland*, 2:14-cv-517-BJR; *Smith v. Uttecht*, 2:21-cv-556-RSM. Therefore, to the extent Petitioner is challenging his 2006 King County conviction, he must show cause why this case should not be dismissed as successive.

It also appears Petitioner may be attempting to challenge a Department of Corrections infraction, not the 2006 King County conviction. *See* Dkt. 4-1. In the proposed petition, Petition states there was insufficient evidence to support that he failed to stand for a pat down search and that he is being detained in violation of §2254(d)(1)(2). An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).

Here, it is not clear if Petitioner is challenging the constitutionality of his physical confinement or the conditions of his confinement. For example, Petitioner appears to be challenging the due process he received prior to an infraction. He does not allege the duration of his confinement was impacted by the alleged infraction. *See* Dkt. 4-1. As Petitioner has not

ORDER TO SHOW CAUSE - 2

alleged facts sufficient to show this action is cognizable under § 2254, the Court finds Petitioner must show cause why this action should not be dismissed for failure to state a claim.

Accordingly, for the above stated reasons, if Petitioner wishes to proceed with this action, on or before **February 7, 2025**, Petitioner must:

1. Show cause why his IFP application should not be denied. In the alternative, Petitioner may pay the $5.00 filing fee on or before February 7, 2025; and

2. File an amended proposed petition that names the proper respondent,[1] clearly articulates the conviction he is challenging, the grounds for relief he is raising, a brief statement of facts supporting each ground for relief, and an explanation as to how those grounds are cognizable under § 2254.

If Petitioner fails to respond to this Order by (1) showing cause or paying the filing fee and (2) filing an amended petition, the Court will recommend dismissal of this matter. Petitioner may also move to voluntarily dismiss this action.

The Clerk's Office is directed to re-note Petitioner's IFP Application (Dkt. 4) for February 7, 2025. The Clerk is also directed to provide Petitioner with a blank form for filing 28 U.S.C. §2254 petition.

Dated this 8th day of January, 2025.

David W. Christel
United States Magistrate Judge

---

[1] Under Rule 2(a) of the Rules Governing Section 2254 Cases, "the petition must name as respondent the *state officer who has custody*." (emphasis added). Petitioner's failure to name the correct respondent deprives the Court of personal jurisdiction. *Smith v. Idaho*, 392 F.3d 350, 354-55 (9th Cir. 2004). Here, Petitioner has named the State of Washington Department of Corrections as the Respondent. The proper respondent would be the superintendent at Coyote Ridge Corrections Center, where Petitioner is incarcerated. If Petitioner wishes to proceed with this action, he must name a proper respondent.

ORDER TO SHOW CAUSE - 3