UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESS RICHARD SMITH,<br><br>                     Petitioner,<br>    v.<br><br>JEFFREY PERKINS,<br><br>                     Respondent. | CASE NO. 2:24-cv-02091-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

      This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge David W. Christel. Dkt. No. 16. Having reviewed the R&R, the remaining record, and the applicable law, the Court adopts the R&R and dismisses Petitioner Jess Richard Smith's habeas petition.

      Mr. Smith, who is confined at Coyote Ridge Corrections Center, has filed a petition for habeas corpus under 28 U.S.C. § 2254 seeking relief from a "serious infraction" he was found to have committed in prison for failing to follow a correctional officer's orders that he stand for a search, resulting in the loss of 45 days of good conduct time. Dkt. No. 10 at 1, 3, 5, 12. He contends that there was not "some evidence" to support the finding of guilt and asks the Court to vacate it.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

*Id.* at 1, 3, 5, 15. Respondent filed an answer, arguing that the state courts rejected Mr. Smith's claim because some evidence supported the finding of a violation, and that this Court should dismiss the habeas petition with prejudice "because the state courts' determination was not an unreasonable application of United States Supreme Court precedent." Dkt. No. 13 at 1.

Under Section 2254, "[a] prisoner in state custody may seek to remedy a violation of his federal constitutional rights by petitioning for a writ of habeas corpus in federal court." *Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir. 2017); 28 U.S.C. § 2254(a).

Judge Christel issued his R&R on April 16, 2025. Dkt. No. 16. He explained that if prisoners have earned good behavior credits under applicable state statutes and procedures, they have a liberty interest in those credits, which cannot be revoked without due process. *Id.* at 5. Due process requires that they receive procedural protections and that "some evidence" support the decision of the disciplinary board. *Id.*; *see also Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987) ("Findings that result in the loss of liberty will satisfy due process if there is some evidence which supports the decisions of the disciplinary board."). Mr. Smith does not contend he was denied procedural due process protections. Dkt. No. 16 at 7. Applying both these standards nevertheless, Judge Christel recommended that this Court dismiss the petition because Mr. Smith received the required procedural protections and because the state courts found that the record provided "some evidence" of guilt of the disciplinary infraction and he concurred. Dkt. No. 16 at 7–9 (citing Dkt. No. 14 at 28–30, 35).

Judge Christel found that an evidentiary hearing was unnecessary because Mr. Smith's claim can be resolved on the existing state court record. *Id.* at 2–3. He also recommended that the Court deny a certificate of appealability because "[n]o jurist of reason could disagree with this Court's evaluation of Petitioner's claim or would conclude the issues presented in the Petition should proceed further." *Id.* at 9. Judge Christel directed that any objections had to be filed and

served on all parties no later than 14 days from the date the R&R was signed. *Id.* at 9–10. Mr. Smith did not file any objection.

When considering Judge Christel's R&R, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). As the statute and rule suggest, the Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

No objections having been filed, and finding that Mr. Smith received due process, the Court ADOPTS Judge Christel's Report and Recommendation, Dkt. No. 16, and DENIES Mr. Smith's amended habeas petition, Dkt. No. 10. The Court also DENIES a certificate of appealability.

The Clerk is directed to send uncertified copies of this Order to Mr. Smith at his last known address.

Dated this 19th day of May, 2025.

Lauren King
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 3